IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RICHARD CORDELL TOLBERT,          :
                                  :
              Plaintiff           :
                                  :
VS.                               :
                                  :
Warden J. DARRELL HART, Former    :      NO. 7:05-cv-96(HL)
Warden BARROWS, Deputy Warden     :
TEDDY PHILBIN, Former Warden      :
HURVO, Cpt. MORRIS, and Officers  :
MANN and HOLLIS,                  :
              Defendants          :      **ORDER & RECOMMENDATION**

_____

Plaintiff **RICHARD CORDELL TOLBERT** has filed a *pro se* civil rights complaint under

42 U.S.C. § 1983, seeking damages for various alleged violations of his civil rights while he was

a prisoner at Valdosta State Prison ("VSP") in Valdosta, Georgia. This case is before the Court for

a 28 U.S.C. § 1915(e)(2) frivolity determination.

**I.  STANDARD OF REVIEW**

**A.  28 U.S.C. § 1915(e)(2)**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. MISCELLANEOUS MOTIONS

Since filing his complaint, plaintiff has filed numerous motions with the Court. These miscellaneous motions are discussed below, before considering the allegations contained in plaintiff's complaint.

### A. Motions for Appointment of Counsel (Tab #s 3 & 7)

Plaintiff has requested this Court to appoint counsel to assist him with his section 1983 complaint. Generally speaking, no right to counsel exists in civil rights actions. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Plaintiff's motions for appointment of counsel are viewed by the Court as being premature. Until such time as responses have been made by the defendants and the Court has had an opportunity to review both the complaint and the responses thereto, a proper evaluation of the plaintiff's need for counsel cannot be made. The Court on its own motion will consider appointing legal counsel for the plaintiff if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, at the present time, the plaintiff's motions for appointment of counsel are **DENIED**.

### B.  *Motions for Injunctive Relief (Tab #s 5 & 10)*

Plaintiff has filed two requests for injunctive relief to gain access to outdoor recreation and the ability to make copies of his legal documents at VSP. Since the filing of these motions, plaintiff has been released from prison and re-incarcerated on new charges at the Lowndes County Jail. Because plaintiff is no longer confined at VSP, it is impossible for the defendants to provide him with recreation time or copies. Therefore, it is **RECOMMENDED** that plaintiff's motions be **DENIED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C.  *Motion to Amend to Add New Defendants (Tab # 6)*

In his motion to amend, plaintiff seeks to add the following defendants to this case: (1) Warden Hurvo; (2) Warden Barrows; (3) Captain Morris; and (4-5) Officers Mann and Hollis.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given. Accordingly, plaintiff's motion is **GRANTED.**

### III.  BACKGROUND

Plaintiff is presently incarcerated at the Lowndes County Jail.  The instant complaint relates to incidents which occurred at VSP between April 13, 2005 and October 14, 2005.  In his complaint, plaintiff raises numerous allegations against the defendants, all current or former employees of VSP. Since the filing of his complaint, plaintiff has filed several amendments that elaborate on the claims raised in plaintiff's complaint.  Based upon plaintiff's complaint and amendments, it is difficult for the Court to determine all the claims plaintiff raises and how each of the named defendants specifically violated his rights.  Upon review of plaintiff's submissions, the Court nevertheless finds the following.

On April 13, 2005, plaintiff was placed in administrative segregation after marihuana was allegedly found in his possession.  At plaintiff's disciplinary hearing, held 35 days after his placement in segregation, plaintiff was found guilty of possession of marihuana and sentenced to time served and loss of prison privileges.  In addition, "outside criminal charges" were brought against plaintiff (which charges are apparently the basis for plaintiff's present confinement at the Lowndes County Jail).  According to plaintiff, the marijuana belonged to his cellmate.

During his period of confinement in segregation, which apparently continued until plaintiff's 3 year sentence for shoplifting expired on October 14, 2005, plaintiff allegedly was denied access to all outdoor recreation and was forced to live among mental health inmates.  As a result of no

4

outdoor exercise, plaintiff, who suffers from diabetes, alleges that his legs ached and he developed sores in his nose from "breathing stale air."

Plaintiff additionally alleges that VSP officials would not permit him to make copies of his legal documents. Lastly, plaintiff appears to allege that VSP officials interfered with his attempt to file prison grievances.

## IV. DISCUSSION

### A. Administrative Segregation

Plaintiff appears to make three claims with respect to his confinement in administrative segregation: (1) being denied a disciplinary hearing for 35 days after having been placed in administrative segregation; (2) being held in administrative segregation for a prolonged period of time on false pretenses; and (3) being denied access to all outdoor exercise while in segregation. Considering plaintiff's allegations in their totality and construing the complaint liberally in favor of the plaintiff, this Court concludes that plaintiff has made sufficient allegations to withstand the frivolity review with respect to his administrative segregation claims. Although each defendant's involvement in these claims is not clear, the Court will allow said claims to proceed against defendants former VSP Warden Barrows and current VSP Warden J. Darrell Hart.[1]

### B. Grievances

---

[1]    Plaintiff is advised that under 42 U.S.C. § 1997e(e), a prisoner cannot recover for emotional or mental damages suffered while imprisoned without a showing of physical injury. *Harris v. Garner*, 216 F.3d 970 (11th Cir.2000), *reinstating in part* 190 F.3d 1279 (11th Cir. 1999). Accordingly, unless plaintiff asserts some type of physical injury from being housed with mental health inmates, this allegation does not appear to be the basis of a valid section 1983 claim.

Plaintiff alleges that defendant Deputy Warden Philbin violated plaintiff's rights by engaging in a "pattern of abuse" and circumventing the appeals process by misrepresenting plaintiff's claims in his responses to plaintiff's grievances and by destroying some grievances. Alleged deficiencies in the grievance process do not give rise to any valid constitutional claim. The Eleventh Circuit Court of Appeals has held that a prisoner has no constitutional right to participate in prison grievance procedures and violations of such procedures simply do not give rise to a claim under section 1983. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Accordingly, it is **RECOMMENDED** that plaintiff's claims against Philibin be **DISMISSED** and that Philibin be terminated as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Copies

Plaintiff complains that the unidentified officials at VSP would not permit him to make copies of his legal documents and offered no explanation as to why. For a claim to rise to the level of a constitutional violation of plaintiff's right to access to the courts, plaintiff must show that he suffered an "actual injury," *see Lewis v. Casey*, 518 U.S. 343, 351 (1996), "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (1998). Examples of actual injury include having a case dismissed for failure to meet some technical requirement or being unable to

file a complaint. *Lewis*, 518 U.S. at 351. Plaintiff has provided no specific facts that would support plaintiff having suffered an actual injury as a result of being denied copies of his legal documents. Accordingly, it is **RECOMMENDED** that this claim be **DISMISSED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### D. Defendants Hurvo, Morris, Mann, and Hollis

It is unclear why plaintiff is suing defendants Warden Hurvo, Captain Morris, and Officers Mann and Hollis, who plaintiff claims are "crucial" to his claims. The only mention of these defendants is that they are the ones who discovered the marihuana on plaintiff's person. There is no basis for imposing liability upon defendants Hurvo, Morris, Mann, and Hollis under this allegation. Moreover, plaintiff does not allege any personal involvement of these defendants in connection to his administrative segregation claims. Thus, plaintiff's complaint must be dismissed as to these defendants. Accordingly, it is **RECOMMENDED** that plaintiff's claims be **DISMISSED** as to defendants Hurvo, Morris, Mann, and Hollis, and that they be terminated as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

*V.  CONCLUSION*

In light of the foregoing, the Court will, by separate order, allow plaintiff's claims relating to his stay in administrative segregation against Wardens Barrows and Hart to go forward.

**SO ORDERED AND RECOMMENDED**, this 2nd day of December, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE